**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ARTHUR FRANCIS, JR., *et al.*,
    Plaintiffs,

            v.

SUIT LLC, *et al.*,
    Defendants.

Civil Action No.
1:25-cv-01512-SDG

**OPINION AND ORDER**

This case is before the Court on Defendant Incline Casualty Company's Rule

12(b)(6) motion to dismiss for failure to state a claim [ECF 9]. No party filed a

response, and therefore the motion is considered unopposed. LR 7.1(B), NDGa.[1]

Incline seeks to dismiss Plaintiffs' claims against it on the ground that they do not

comply with the 2024 amendments to Georgia's direct-action statutes, O.C.G.A.

§§ 40-1-112 and 40-2-140. However, because Plaintiffs' claims accrued prior to the

amendments' effective date, the prior versions of the statutes apply, and the prior

versions permit Plaintiffs to pursue their direct-action claims here. Accordingly,

Incline's motion to dismiss is **DENIED**.

---

[1]  Although Incline's motion is unopposed, the Court cannot grant it without considering the motion on its merits. *See Giummo v. Olsen*, 701 F. App'x 922, 924 (11th Cir. 2017) (holding that the district court abused its discretion in granting a motion to dismiss based solely on the plaintiffs' failure to respond in opposition).

I.     **BACKGROUND**

This case arises out of a May 2024 motor vehicle collision involving Plaintiff Arthur Francis, Jr. and Defendant Clifford Brooks in DeKalb County, Georgia.[2] At the time of the collision, Brooks was driving a tractor-trailer for his employer, Defendant Suit LLC.[3] Incline provided automobile liability coverage to Suit via an insurance policy.[4]

Francis and his wife, Plaintiff Kiosha Francis, initially filed their complaint in the State Court of DeKalb County, in February 2025.[5] Plaintiffs bring claims for negligence and loss of consortium against Brooks and Suit, as well as a direct-action claim against Incline.[6] They also seek attorneys' fees and punitive damages.[7] Defendants removed the case, and Incline filed the instant motion to dismiss.[8]

II.     **DISCUSSION**

Georgia's direct-action statutes, O.C.G.A. §§ 40-1-112 and 40-2-140, "permit a direct action by an injured party against an insurance carrier which insures a

---

[2]    Compl., ECF 1-1, ¶¶ 26–30.

[3]    *Id.* ¶¶ 26, 48–51.

[4]    *Id.* ¶¶ 15, 16.

[5]    *See generally id.*

[6]    *Id.*

[7]    *Id.*

[8]    ECFs 1, 9.

motor carrier." *Nat'l Indem. Co. v. Lariscy*, 352 Ga. App. 446, 449 (2019). The statutes are an exception to the common law rule that "a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy." *Barnes v. State Farm Fire & Cas. Co.*, 373 Ga. App. 331, 332 (2024) (quoting *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493, 494 (1988)), *reconsideration denied* (Oct. 28, 2024), *cert. denied* (July 22, 2025).

In July 2024, the Georgia General Assembly enacted Senate Bill 426, which amended the direct-action statutes "to substantially limit direct actions against liability insurers of regulated motor carriers." *Ga. Automobile Insurance Law* § 46:1 (2025-2026 ed.); *see also generally* 2024 Ga. Laws Act 616 (S.B. 426). The amended statutes permit direct actions only where the motor carrier is insolvent or bankrupt, or the driver or motor carrier cannot be served despite reasonable diligence. O.C.G.A. §§ 40-1-112(c), 40-2-140(d)(4). No party contends that Suit, the motor carrier, is insolvent or bankrupt; Suit and Brooks have also been served.[9] Thus, under the amended statutes, Plaintiffs could not pursue a direct action against Incline, the insurer.

---

[9]    ECF 1-1, at 140 (affidavit of service on Brooks), 141 (affidavit of service on Suit).

However, S.B. 426 is clear that the amendments only apply to causes of action "accruing on or after July 1, 2024." 2024 Ga. Laws Act 616, § 4. The collision at issue in this case occurred on May 7, 2024,[10] and therefore Plaintiffs' tort claims accrued prior to July 1, 2024. *See Harvey v. Merchan*, 311 Ga. 811, 815 (2021) ("For actions based on personal injury, a tort is complete when an injury results from the wrongful act or omission."); *see also Brent v. Hin*, 254 Ga. App. 77, 79 (2002) (loss of consortium claim accrued on the date of the collision). Thus, the amended direct-action statutes do not apply to Plaintiffs' claims.

Incline contends that S.B. 426's July 2024 effective date is inapplicable because it does not appear in the Official Code of Georgia.[11] However, this argument has been rejected in two recent cases from this District—and in one of those cases, a motion to dismiss filed by Incline was denied for this reason. *See Estrada v. Collier*, No. 1:24-CV-4514-MHC, 2024 WL 6910379 (N.D. Ga. Nov. 22, 2024) (denying Incline's motion to dismiss); *Elkins v. Jank Krow Trucking, LLC*, No. 1:22-CV-4939-MLB, 2025 WL 2269800 (N.D. Ga. Mar. 13, 2025) (rejecting the same argument at summary judgment). As Judge Brown noted in *Elkins*, "[t]he Georgia Supreme Court has explained that courts must 'insist upon some clear indication' that the General Assembly intended retroactive application of a statute

---

10    Compl., ECF 1-1, ¶¶ 26–30.

11    ECF 9-1, at 5–8.

before doing so and '[o]ften any such clear indication is found in an uncodified portion of the enacting legislation.'" 2025 WL 2269800, at *2 (quoting *Dias v. Boone*, 320 Ga. 785, 802 (2025)). Accordingly, "Georgia courts thus routinely look to uncodified portions of statutes to glean the General Assembly's intention as to whether a statute applies retroactively or prospectively." *Id.* (collecting cases). The uncodified portion of S.B. 426 clearly indicates that the amended direct-action statutes were meant to apply only to "causes of action accruing on or after July 1, 2024." 2024 Ga. Laws Act 616, § 4. As Judge Brown so succinctly put it, "[t]his language comes from the enacted law's text, found within the session laws of Georgia . . . . That Session laws are uncodified doesn't mean they aren't laws." *Elkins*, 2025 WL 2269800, at *2. Because the prior versions of the statutes permitted Plaintiffs' direct actions against Incline, Incline's motion to dismiss is denied. *Estrada*, 2024 WL 6910379, at *3.

### III.    CONCLUSION

Incline's motion to dismiss [ECF 9] is **DENIED**. The stay of pretrial activity imposed by the Court's April 15, 2025 Order [ECF 12] is hereby **LIFTED**. A Scheduling Order will be entered separately.

**SO ORDERED** this 13th day of January, 2026.

_____
Steven D. Grimberg
United States District Judge